CALDWELL, J.
Th& ease of Charles S. Bentley v. C. A. Miller et al., is here upon appeal, and the parties have agreed that the contract may be regarded as a part of the petition and tried as if upon demurrer to the petition.
It is claimed that it was for the exchange of property; and it is claimed that the contract is so indefinite in regard to the time when a mortgage should be made to mature, that the contract can not he enforced by specific performance, for which purpose this action is brought. And this is the contract.
“Cleveland, Ohio, Aug. 19, 1896.
“Will give my property on Guernsey street, 300 feet front by 160 deep, including the three mirrors on top of the mantels, pay off all interest, taxes due to date on my property excepting only a mortgage incumbrance of $4,000 at 7 per cent; also a mortgage of $1,000 at 6 per cent, both of which I say can run, and will taue the sixty lots in Bryan, Ohio, which I have seen, and give a mortgage back on the lots, of $2,000 at 7 per cent. All incumbrances on both properties to be free and clear of all incumbrances except as stated with abstracts showing titles to be perfect brought down to date of transfer.
C. A. Miller.
“I accept the above proposition.
“O. S. Bentley.”
Mr. Bentley brings this action to compel Mr. Miller to complete this contract, and the contention,, as I have already said, is that the time when this mortgage is to mature is not named in this contract, and, therefore, the court can not name the time and can not enforce the contract.
On the other hand, it is claimed that in a contract of this character where no time is named for the paymentof money — and diference between the two prices that it is agreed to pay — that it means payment m a reasonable time, or immediately, or upon demand, and being upon demand or immediately, that the court can not easily say that the $2,000 is now due or will be due when it is demanded, and, although it is not paid yet, a mortgage must be made to secure it.
’It is upon this proposition of law that the case is submitted.
The defendant who files this demurrer, in support of his demurrer has cited us to a number of cases from different states, that bear out the general proposition of law when applied to the facts in this case.
The general proposition I refer to, is that if a contract is so indefinite that the court can not determine the terms of that contract from the contract itself or some writing it refers to, if it refers to land, then the court can not specifically enforce the contract.
The general rulo is well known, and the plaintiff has cited a number of cases, pertaining to mortgages where no time has been ■fixed by the parties for their maturity, and, applying it to the facts of this case almost, the court has said that the general rule of law applies and the court can not name a time when the mortgage is to mature. But it is said that it has been decided in this state in 11 Ohio St. and in a great many other states, and is the general law, that if a sum of money is to be paid, and no time for payment named, i* means any reasonable time or upon demand ®r immediately, and that this should form no exception. That rule *867 is applied quite generally to notes or obligations that are given where money is received by one party and he gives his obligation, as a note for instance, and no time is named when it is payable, the court has held that it is payable upon demand; but. in that class of oases, although there has been a great deal of refining by the authorities to distinguish why the court will not enforce that rule in specific performance of a ease and yet will enforce in any loan case brought by note — while there has been a great deal of refining, I think the only good reason I see for it is that in case of a note one party has fully performed ; that note arises out of a contract, and the contract is between A and B. A says, “I will loan you $2,000 if you will give me your note for it — for the amount.”
Bentley & Stewart, for Plaintiff.
Burke & Ingersols, for Defendant.
Now, A has loaned his money — he has parted with his money. B has given his note, but he can not say that the contract is void for uncertainty. That would allow him to keep the money; and that courts say, in that case, that that money is payable upon demand. But in case of specific performance of a contract, the court sits duwn, first — to determine what is the contract between the parties. Nowin the case of a note, the court does not sit down; it merely takes the note and says ‘This man has taken money and must pay the note.” But when the court sits down to determine what the contract is that it has to specifically enforce, it does it by determining what the parties have agreed to. That is the first question to determine. Do the parties understand it alike? If they do not understand it alike, or if the court can not determine what they intended to do, then it is the universal rule, so far as I know, that the court will not enforce that contract.
Now applying that rule to this case — what did they intend when Miller said, “ I will give you my note for $2,000, ” giving no time? What does he mean? lhat that will be paid upon demand? Are we to say that that is to be paid upon demand — that he will pay that upon demand, or that he will pay immediately, one or the other? Or did he mean to say that ‘‘I will give you my mortgage payable at some definite time,” which we, so far as this contract shows, have not yet determined? Does it leave something to be determined by the parties?
We think the decided weight of the authorities is that it leaves something to be determined by the parties, and, not only that, but that something to be determined by the parties is entirely outside of the knowledge of the court. By examining that paper and being entirely outside of the knowledge of the court, we can not say when that mortgage shall mature; so we cannot make a contract for the parties, nor can we add one essential or important element to the contract that is already made.
A majoritv of the court are of the opinion that the demurrer to the petition as agreed upon, is well taken, and the petition will be dismissed.